ESSEX COUNTY CIRCUIT COURT.

FRANK PINTO, plaintiff,

*v.*

FOO JANG REALTY COMPANY, a corporation, THOMAS F. CONROY and W. ALFRED PETER, defendants.

**Real Estate—Excavations on Adjoining Property—Respective Rights of Parties—Rights and Duties of Contractor and Architect in Charge of Excavation.**

On motion to strike out complaint as against Conroy and Peter.

*Mr. William J. Kearns,* for the defendant T. F. Conroy.

*Messrs. Wolber & Gilhooly,* for the defendant W. A. Peter.

*Mr. Jacob L. Newman,* for the plaintiff, Frank Pinto.

DUNGAN, J.

Plaintiff owns land on which there is a building on Mulberry street, in Newark. The defendant Foo Jang Realty Company owns property adjoining on the north, which was excavated to a depth of more than eight feet along the property of the plaintiff. The defendant Conroy was the contractor of the realty company and Peter was the architect. Suit is brought by the plaintiff to recover damages for injury to his building.

Land, in its natural condition, has a right to lateral support. *McGuire* v. *Grant, 25 N. J. Law 356.* But where buildings are erected upon land, and excavation done on adjacent property in an ordinarily careful manner, there is no duty under the common law upon the person lawfully making

excavation to shore up and protect buildings on adjacent lands. *Schultz v. Byers, 53 N. J. Law 442.*

The Foo Jang Realty Company had a right, therefore, independently of the statute, to excavate along the lands of the plaintiff and to contract with others to do the work and to superintend it, in which event the person doing the work and the superintendent would be under no greater obligation to the adjoining owner at common law than the owner.

The third paragraph of the second count alleges that the negligence of Conroy and Peter consisted in their omission to properly shore or prop, or otherwise secure or take other or reasonable precaution to support the plaintiff's said house, to prevent and avoid any damage to the plaintiff's said land and building. This is not an allegation of an undertaking to do something and then doing it amiss, but it is an allegation of an omission to do something which these defendants were not obliged to do unless by virtue of the statute, and if the statute does not apply to the contractor and to the architect or supervisor, then the complaint must be dismissed as to them.

The statute (*3 Comp. Stat. p. 3926 § 1*) applies only to "the person causing such excavation to be made." Under a similar statute in New York, the courts of that state have held that the contractor lawfully making the excavation is not comprehended within the terms "the person or persons causing such excavation," and the attention of the court is called to no decision in this state holding to the contrary.

My view, therefore, is that the complaint does not set forth a good cause of action either against Conroy, the contractor, or Peter, the architect, either under the statute or the common law, and that the complaint as to them must be stricken out.